**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSEPH HAMILTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **Case No. 4:09CV1341MLM** |
| | ) |
| **GREGORY AND TONI PALM,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendants Gregory and Toni Palm. Doc.

4. Plaintiff filed a Response. Doc. 6. Defendant filed a Reply. Doc. 7. The parties have consented

to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Doc. 8.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to

dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion

to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp.

v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See

also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the

allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937,

1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir.2007)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## DISCUSSION

In his Complaint Plaintiff alleges that he was "employed" by Defendants to do roofing work and to construct an addition to a structure located on Defendants' property; that the events giving rise to this cause of action occurred at Defendants' residence; that Defendants failed to provide,

among other things, reasonably safe working conditions and adequate help, tools, and devices for performing the work required of Plaintiff; that Defendants were negligent in failing to provide Plaintiff with a reasonably safe work environment; that Defendants hired Plaintiff to perform inherently dangerous work; that on May 17, 2009, while he was performing the inherently dangerous work, as directed by Defendants, Plaintiff fell from the roof; that he fell from the roof as a result of Defendants' negligence; and that, as a proximate result of the fall, Plaintiff was injured.

In the Motion to Dismiss Defendants allege that Plaintiff's Complaint should be dismissed for failure to state a cause of action. In particular, Defendants contends that to the extent Plaintiff was an independent contractor hired by Defendants, as a matter of law, an independent contractor who agrees to perform inherently dangerous work may not recover from the landowners. Doc. 4 (citing Lawrence v. Bainbridge Apartments, 957 S.W.2d 400, 405 (Mo. Ct. App. 1997). Defendants also contend that Plaintiff failed to plead sufficient facts showing that the work was inherently dangerous and that Plaintiff's injuries were due to any alleged inherent danger in the work. To the extent that Plaintiff contends that he was not an independent contractor, Defendants contend that, as a matter of law, Plaintiff has no cause of action because he would be covered by workers compensation. Doc. 4 at 2 (citing Mo. Rev. Stat. § 287.030(3)).

In his Response Plaintiff states that he has *not* alleged that he was hired as an *independent contractor* and that he alleges that he was an *employee* of Defendants who was hired to perform inherently dangerous work on the roof. In their Reply, Defendants contend that Plaintiff has failed to allege facts sufficient to establish that he was Defendants' employee, and that the Complaint should be dismissed on that basis. Missouri courts hold that upon determining whether an individual is an independent contractor or an employee, the nature of the parties relationship must be considered. Trinity Lutheran Church v. Lipps, 68 S.W.3d 552, 558 (Mo. Ct. App. 2001) (citing Schroer v.

Brooks, 224 S.W. 53 (Mo. 1920); Williamson v. Southwestern Bell Tel. Co., 265 S.W.2d 354 (Mo. 1954)). "In contrast to performing tasks as an employee within a master-servant relationship, an independent contractor exercises independent judgment and 'contracts to do a piece of work according to his own methods, without being subject to the control of his employer except as to the result of his work.'" Id. at 557 (quoting Talley v. Bowen Constr. Co., 340 S.W.2d 701 (Mo.1960)) (internal quotations and citations omitted). Factors indicating that an individual is an independent contractor or an employee include whether the individual determines what hours he works, uses his own tools, and has the authority to hire helpers to perform work. Id. Additionally, the Restatement (Second) of Agency, § 220(2) (2009), provides that in determining whether "one acting for another is a servant or an independent contractor," the following should be considered:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

Plaintiff merely alleges generally that he was Defendants' employee and has not alleged facts

to plausibly support such a conclusion.[1]  As such, he has failed to provide Defendants with fair notice

of the grounds upon which he claim rests. See Twombly, 127 S.Ct. 1955. The court finds, therefore,

that Plaintiff's Complaint should be dismissed for failure to state a claim.[2]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants is **GRANTED**;

Doc. 4.

> s/s Mary Ann L. Medler
> MARY ANN L. MEDLER
> UNITED STATES MAGISTRATE JUDGE

Dated this <u>28th</u> day of  October, 2009.

---

[1]     The court notes that the only factor relevant to a determination of his alleged employee status which Plaintiff has alleged is that he performed work at Defendants' residence. This factor supports a finding that Plaintiff was not an employee. See Restatement of Agency, § 220(2)(h),(j).

[2]     To the extent Defendants argue, in the alternative, that Plaintiff's Complaint should be dismissed because the Missouri Workers' Compensation Statute provides an employee's exclusive rights and remedies, the court need not consider this argument as it has found that Plaintiff has failed to allege facts sufficient to withstand a motion to dismiss in regard to his alleged status as Defendants' employee.  In any case, the court notes that Plaintiff has not pled any facts to establish that, even if Plaintiff was Defendants' employee, the accident at issue or the injuries he sustained are excluded from the Statute's definition of "accident" and/or "injury." See Missouri Alliance for Retired Americans v. Dep't of Labor and Indus. Relations, 277 S.W.3d 670 (Mo. 2009) (en banc).